**M. JEFFREY MICKLAS, ESQ.** (Bar No. 78869)
**LAW OFFICES OF M. JEFFREY MICKLAS**
2930 Camino Diablo, Suite 300
Walnut Creek, California 94597
Telephone: (925) 932-0800
Facsimile: (925) 932-0861

Attorneys for Creditor
MARINA GARDEN HOMEOWNERS
ASSOCIATION

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| In re: | CASE NO. 13-41292 |
| DAVID DOMINICK RUGGIERO and RHINA RUGGIERO, | Chapter 13 |
| | RS NO: MJM-114 |
| Debtors. | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION** |
| / | Date: April 15, 2015<br>Time: 9:30 am<br>Courtroom: 220<br>Judge: Honorable William J. Lafferty |

*Motion*
-1-

Creditor MARINA GARDEN HOMEOWNERS ASSOCIATION (hereinafter referred to as "Marina Garden" or the "Association") will move this Court for an Order relieving Marina Garden from all stays arising out of the Petition in Bankruptcy of Debtors DAVID DOMINICK RUGGIERO and RHINA RUGGIERO (hereinafter collectively referred to as "Debtors") so as to allow Marina Garden to maintain foreclosure proceedings and to allow it, or any third party purchaser, to proceed with any unlawful detainer action that is necessary so as to obtain and take possession of the real property of Debtor commonly known as 2312 Belvedere Avenue, San Leandro, California as well as proceed with any civil action to recover unpaid assessments.

This Court has subject matter jurisdiction over this Motion for relief from the automatic stay under the provisions of 28 U.S.C. §157(b), 11 U.S.C. §362 and 11 U.S.C. §1301. Venue in this Court is proper under the provisions of 28 U.S.C. §§1408 and 1409.

This Motion is based upon the following grounds:

A. On March 5, 2013 Debtors filed their current Chapter 13 bankruptcy. Part of the estate was Debtor's residence commonly known as 2312 Belvedere Avenue, San Leandro, California which is governed by a Homeowners Association known as Marina Garden Homeowners Association. Homeowner Association assessments are due each month.

B. Pursuant to the Covenants, Conditions and Restrictions for the Association, the payment of the monthly dues, including any special assessments are secured by the real property of the homeowner. In addition, the Association is entitled to recover late fees and interest as well as its attorney's fees for any such fees incurred in trying to obtain payments owed to the Association.

C. Following the filing of their Chapter 13 Petition, Debtors have not made one single payment of assessments to the Association. As of March 4, 2014 Debtors owe the sum of $8,924.08 for post-petition assessments.

D. Prior to the filing of their bankruptcy, Debtors were also in arrears with respect to their assessments with the delinquency going back mid-2008, the amount of the pre-petition arrears being the sum of $7,440.42. Though Marina Garden attempted to work with Debtors, including entering

into repayment plans, Debtors' payment were sporadic and the arrearage continued to increase. As a result of the pre-petition arrearage, Marina Garden recorded a lien against Debtors' property on or about December 23, 2008. Marina Garden then recorded a Notice of Default and Election to Sell on or about October 9, 2012.

E. Pursuant to Debtors' Schedules, there is no equity in the subject property.

Marina Garden, therefore, prays for an Order as follows:

(1) the Court to terminate the automatic stay with respect to the collection of the Homeowners Association dues so that the Association may pursue foreclosure pursuant to State law and so that it, or any third party purchaser, may proceed with any unlawful detainer action that is necessary. In the alternative, Marina Garden may pursue individual liability in a state court action for the amounts owing to it.

(2) if, following termination of the automatic stay, a foreclosure sale results in either the Association or a third party bidding on the real property and becoming the new legal owner, then said party, or any successor in interest, may proceed to obtain possession of the subject real property in accordance with State law without further order of this Court;

(3) the Order terminating the automatic stay shall be applicable to any successor trustee or against any trustee if this case is converted to a proceeding under another chapter of the Bankruptcy Code;

(4) any payments made by Debtors to Marina Garden shall not be considered a waiver of the Association's rights to continue with foreclosure and Marina Garden will be permitted to continue with any foreclosure proceeding.

(5) if Debtors bring the account current at any time prior to, or at, the hearing on this Motion, or, if for any reason, this motion is denied, the Association requests an adequate protection order that Debtors must not default with respect to their obligations to pay the subject Association dues and that the Association shall be entitled to relief from the automatic stay if any payment to a senior lien holder is in default or a senior lien holder obtains relief from stay.

(6) The 14 day period specified in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is waived.

(7) For such other and further relief as the Court may deem just and proper.

**IF DEBTORS OR THEIR ATTORNEY OF RECORD FAIL TO APPEAR AT THE HEARING, MARINA GARDEN MAY BE GRANTED THE RELIEF SOUGHT IN AND BY THIS MOTION.**

**IF THE TRUSTEE OR HER ATTORNEY OF RECORD FAIL TO APPEAR AT THE HEARING, MARINA GARDEN MAY BE GIVEN RELIEF TO PROCEED WITH THE RELIEF SOUGHT HEREIN.**

Date: March 24, 2015

                                        /s/ M. Jeffrey Micklas
LAW OFFICES OF M. JEFFREY MICKLAS
By M. JEFFREY MICKLAS
Attorney for MARINA GARDEN HOMEOWNERS ASSOCIATION