M. JEFFREY MICKLAS, ESQ. (Bar No. 78869)
LAW OFFICES OF M. JEFFREY MICKLAS
2930 Camino Diablo, Suite 300
Walnut Creek, California 94597
Telephone: (925) 932-0800
Facsimile: (925) 932-0861

Attorneys for Creditor
MARINA GARDEN HOMEOWNERS
ASSOCIATION

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

In re:                                              CASE NO. 13-41292

DAVID DOMINICK RUGGIERO and                         Chapter 13
RHINA RUGGIERO,
                                                    RS NO: MJM-114

        Debtor.                                     **AMENDED STIPULATION RE ADEQUATE PROTECTION**

                                                    Date:       June 10, 2015
                                                    Time:       9:30 am
                                                    Courtroom:  220
                                                    Judge:      Honorable William J. Lafferty
_____/

It is hereby stipulated by and between Creditor MARINA GARDEN HOMEOWNERS ASSOCIATION (hereinafter referred to as "Marina Garden") by and through its attorney of record M. Jeffrey Micklas and Debtors DAVID DOMINICK RUGGIERO and RHINA RUGGIERO (hereinafter collectively referred to as "Debtors") by and through her attorney of record Anne Y. Shiau as follows.

# RECITALS

A. On March 5, 2013 Debtors filed their current Chapter 13 bankruptcy. Part of the estate was Debtor's residence commonly known as 2312 Belvedere Avenue, San Leandro, California which is governed by a Homeowners Association known as Marina Garden Homeowners Association. Homeowner Association assessments are due each month.

B. Pursuant to the Covenants, Conditions and Restrictions for the Association, the payment of the monthly dues, including any special assessments are secured by the real property of the homeowner. In addition, the Association is entitled to recover late fees and interest as well as its attorney's fees for any such fees incurred in trying to obtain payments owed to the Association.

C. Following the filing of their Chapter 13 Petition, as of the date of the filing of Martina Garden's motion for relief from stay, Debtors had not made one single payment of assessments to the Association.

D. Prior to the filing of their bankruptcy, Debtors were also in arrears with respect to their assessments with the delinquency going back mid-2008, the amount of the pre-petition arrears being the sum of $7,440.42. Though Marina Garden attempted to work with Debtors, including entering into repayment plans, Debtors' payment were sporadic and the arrearage continued to increase. As a result of the pre-petition arrearage, Marina Garden recorded a lien against Debtors' property on or about December 23, 2008. Marina Garden then recorded a Notice of Default and Election to Sell on or about October 9, 2012.

E. Pursuant to Debtors' Schedules, there is no equity in the subject property.

G. On or about March 26, 2015 Marina Garden filed its motion for relief from stay or, in the alternative, for an adequate protection order. In its motion, the Association sought relief from stay so as to proceed with foreclosure and subsequent eviction and the option to initiate a civil action to recover the unpaid post-petition assessments, fees, costs, and attorney's fees.

H. It is the intent of the parties to provide a means for Debtors to repay the full post-petition amount owing to Marina Garden and all the attorney's fees owing to Marina Garden with Marina Garden being able to proceed with foreclosure or a lawsuit with respect to the post-petition amounts owing if Debtors default with respect to the required payments.

# TERMS

1. Debtors shall repay to Marina Garden the sum of $13,659.53 which represents all post-petition sums owing as of June 1, 2015. Starting June 1, 2015 and on the first of each month thereafter until such arrearage is cured, Debtors shall pay to Marina Garden the sum of $300.00/month to cure said arrearage.

2. In addition to the monthly payments of $300.00 to cure the arrearage, Debtors shall also directly pay the regular monthly assessment charged by Marina Garden with the first regular monthly assessment to be paid being that for June 1, 2015. The current monthly assessment is $305.00. Debtors acknowledge and understand that monthly assessments may increase during the period covered by this Stipulation and that Debtors are responsible and liable for all such increases.

3. In addition to the payments set forth in paragraphs 1 and 2, Debtors shall also continue to pay through the Chapter 13 plan the pre-petition claim of Marina Garden as set forth in its Proof of Claim or in any amended Proof of Claim. As long as the payments set forth above in paragraphs 1 through 3 above are fully and timely made, the Association will waive future interest and late fees on the post-petition amounts that would be due

4. Debtors shall be responsible for paying all taxes with respect to the property commonly known as 2312 Belvedere Avenue, San Leandro, California and maintaining the requisite insurance (property damage and liability) as well as paying all senior lienholders pursuant to the terms of such loans and shall provide proof of payment of taxes and insurance to Marina Garden on a timely basis or as reasonably requested by the Association.

5. The timing of current assessment payments, including late fees and interest charges regarding the delinquent payment of any monthly assessment, will be governed by Marina Garden's CC&Rs and its other governing documents.

6. In the event of any future default of the payments described in paragraphs 1 through 4 inclusive prior to the time this bankruptcy is discharged or dismissed, Marina Garden shall provide written notice to Debtors at 2312 Belvedere Avenue, San Leandro, California 94577 and Debtors' attorney of record, the Law Offices of Patrick L. Forte, 1 Kaiser Plaza, #480, Oakland, California 94612 indicating the nature of the default. Notice to one Debtor is considered notice to any and all

Debtors. Debtors shall only be entitled to two 10 day notices each calendar year; the third late payment in a calendar year shall entitle Marina Garden to automatic relief from stay upon the filing of its Declaration and the entry of the Order terminating the automatic stay. If Debtors fail to cure the default with certified funds after the passage of 10 calendar days from the date of mailing of said notice, then Marina Garden shall be entitled to relief from stay upon the filing with this Court a Declaration regarding the failure to cure and an Order terminating the automatic stay and Marina Garden may accelerate the amount owing. Upon entry of the Order terminating the automatic stay, the automatic stay shall immediately be terminated as to Marina Garden and Marina Garden may proceed to foreclose its security interest in the property commonly known as 2312 Belvedere Avenue, San Leandro, California pursuant to applicable State law including the providing of any notices required by law and thereafter Marina Garden, or any purchaser at the foreclosure sale, may commence any action necessary to obtain complete possession of said real property without further Order or proceeding of this Court or, in the alternative, Marina Garden may pursue any action to recover personally against Debtors for any amounts owing.

7. The automatic stay will terminate and otherwise be of no force or effect upon Debtors' bankruptcy being discharged or dismissed. In the event of any future default of the payments described in paragraphs 1, 2, 3, or 4 subsequent to the time this bankruptcy is discharged or dismissed, Marina Garden need not provide written notice of such default with 10 days to cure to Debtors or Debtors' attorney of record. Instead, any such defaults will be governed by the procedure and rules set forth in Marina Garden's CC&Rs and other governing documents and the Davis-Sterling Act.

8. Marina Garden is under no obligation to accept, and may reject, any payment that is not fully and timely made. However, if Marina Garden does choose to accept a payment that is not fully and timely made, any monthly payment that is less than the full amount owing shall first be applied to any delinquent post-petition monthly amount owing, then to the current monthly assessment payment (currently $297.00/month) and then to any other amounts owing. For any payment that is made that is more than the monthly amount owing, the excess amount shall first be applied to any delinquent post-petition monthly amount owing, then to the current monthly assessment payment and then to

any other amounts owing. Debtors are not precluded from pre-paying any amount owing nor paying more than the minimum amount due in any one payment. However, if Debtors pay more than the minimum amount due in any one payment, such payment will not decrease the amount due on the next payment nor will such payment eliminate the need to pay the minimum amount due for any subsequent payments.

9. The acceptance by Marina Garden of a late or partial payment shall not act as a waiver of Marina Garden's right to proceed hereunder nor will it be considered nor act as a waiver of Marina Garden's right to be timely paid pursuant to the terms of this Stipulation. Any payment accepted by Marina Garden will not be considered a waiver of, or be considered a forfeiture of, Marina Garden's right to proceed with foreclosure.

10. With respect to the payment of the current monthly assessments, Debtors shall make all such checks payable to "Marina Garden Park Homeowners Association" and delivered to:

> Pacific Western Bank
> c/o Lockbox Processing
> P.O. Box 80259
> City of Industry, CA 91716

With respect to the payment of the arrearages, Debtors shall make all such checks payable to "Marina Garden Park Homeowners Association" and delivered to:

> Stonehenge Trustee Services
> 12225 Alpine Road, Suite 203
> Walnut Creek, CA 94596

11. To the extent relief from the automatic stay is obtained by Marina Garden, such relief from stay shall also be granted as to, and applicable to, the Chapter 13 Trustee Martha G. Bronitsky, any successor trustee, and against any trustee if this case is converted to a proceeding under another chapter of the Bankruptcy Code;

12. This Stipulation may be executed in one or more counterparts, each of which shall be deemed to be an original. Photocopies of signatures and electronic signatures shall also be considered to be original signatures.

13. The normal rule of construction, which allows any ambiguities in the Stipulation to be construed against the drafting Signatory, shall not be employed in the interpretation of this

*Stipulation for Adequate Protection Order* -5-
Case: 13-41292  Doc# 47  Filed: 06/08/15  Entered: 06/08/15 16:38:43  Page 5 of 6

Stipulation.

14. Any notice that Marina Garden, or its attorney, shall give to Debtors or Debtors' attorney pursuant to this Stipulation shall not be considered nor construed as a communication under either the State or Federal Fair Debt Collection Practices Act.

Date: 8 June 2015

M. JEFFREY MICKLAS, ESQ.
Attorney for MARINA GARDEN HOMEOWNERS ASSOCIATION

Date: June 8, 2015

*AS AMENDED ON PG 4!*

ANNE YI-WEN SHIAU, ESQ.
LAW OFFICES OF PATRICK L. FORTE
Attorneys for DAVID DOMINICK RUGGIERO and RHINA RUGGIERO

**END OF STIPULATION**